97 F.3d 1460
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John Lawrence ROBINSON, Petitioner-Appellant,
v.
Janet BARBOUR, Respondent-Appellee.
 No. 95-35740.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 23, 1996.*
Decided Sept. 25, 1996.
 
 Before: FLETCHER, BRUNETTI, and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John Lawrence Robinson, a Washington state prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. § 2254 habeas petition. The district court dismissed Robinson's petition with prejudice after concluding that he was procedurally barred from proceeding on all of his claims. We have jurisdiction under 28 U.S.C. § 2253. We review de novo, Calderon v. Prunty, 59 F.3d 1005, 1008 (9th Cir.1995). We may affirm on any ground supported by the record even if it differs from the rationale of the district court. Bonin v. Calderon, 59 F.3d 815, 823 (9th Cir.1995), cert. denied, 116 S.Ct. 718 (1996). We affirm.
 
 
 3
 Robinson contends that the district court erred by dismissing his section 2254 petition with prejudice because: (1) his guilty plea conviction was the result of an illegal search; and (2) his counsel was ineffective for not filing a suppression motion and for advising him to plead guilty. We disagree.
 
 
 4
 Robinson's fourth amendment claim is not cognizable in a federal habeas petition inasmuch as he made no showing that the Washington trial court denied him a full and fair opportunity to litigate his fourth amendment claim prior to accepting his guilty plea. See Woolery v. Arave, 8 F.3d 1325, 1326-28 (9th Cir.1993), cert. denied, 114 S.Ct. 1623 (1994).
 
 
 5
 Additionally, Robinson's claim that his attorney was ineffective for failing to file a suppression motion and for advising him to plead guilty lacks merit. To prevail on an ineffective assistance of counsel claim, a defendant must show deficient performance by counsel and prejudice to the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). To satisfy the prejudice requirement, the defendant must demonstrate a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. Id. at 687-88. "If it is possible to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, we may do so without examining the performance prong." Id. at 697.
 
 
 6
 Here, Yakima police officers lawfully arrested Robinson for trespassing. See Washington v. Ortiz, 706 P.2d 1069, 1073 (Wash.1985) (en banc), cert. denied, 476 U.S. 1144 (1986). The post-arrest search, which led to the discovery of cocaine on Robinson's person, was a permissable search incident to an arrest. See Washington v. Davis, 669 P.2d 900, 901-02 (Wash.App.1983), review denied, 100 Wash.2d 1039 (1984). Under these circumstances, there was no Fourth Amendment violation. See Whren v. United States, 116 S.Ct. 1769, 1772-77 (1996); Davis, 669 P.2d at 901-02. Inasmuch as there was no Fourth Amendment violation, Robinson fails to satisfy the prejudice requirement. See Strickland, 466 U.S. at 687-88. Moreover, because Robinson failed to allege any facts that would entitle him to habeas relief, the district court did not abuse its discretion in denying his discovery request and his request for an evidentiary hearing. See Williams v. Calderon, 52 F.3d 1465, 1484 (9th Cir.1995); see also Christian v. Rhode, 41 F.3d 461, 470 & n. 12 (9th Cir.1994).[1]
 
 
 7
 Because we affirm the dismissal of the petition under the former version of 28 U.S.C. § 2254, we do not consider whether the Antiterrorism and Effective Death Penalty Act of 1996 applies to this appeal.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because Robinson's claims lack merit, we need not decide whether Robinson demonstrated cause for his procedural default on the ground that the Washington trial court failed to give him notice of the one-year time limit for bringing a petition for collateral attack under Wash.Rev.Code § 10.73.110 (1990)